**CENTRAL WYOMING LAW ASSOCIATES, P.C., formerly Hursh and Donohue, P.C., d/b/a Hursh, Donohue, & Massey, P.C., a Wyoming professional corporation, Plaintiff–Appellee,**

v.

**The Honorable Robert B. DENHARDT, in his capacity as County Court Judge of Fremont County, Wyoming, Defendant–Appellant,**

and

**William Flagg, in his capacity as County Attorney of Fremont County, Wyoming, and those acting under his direct supervision, Defendant.**

No. 93–8118.

United States Court of Appeals, Tenth Circuit.

July 12, 1995.

Michael J. Krampner & Donald L. Fuller on the brief, Casper, WY, for plaintiff-appellee.

Hugh Kenny, Sr. Asst. Atty. Gen., Cheyenne, WY, for defendant-appellant Denhardt.

Before TACHA and McKAY, Circuit Judges, and HANSEN, District Judge.*

HANSEN, District Judge.

Defendant-appellant Denhardt appeals the entry by the United States District Court for the District of Wyoming of a declaratory judgment that a warrant issued by him was invalid because it lacked the requisite particularity to comply with the requirements of the Fourth Amendment. Because we find that the action before the district court had ceased to be a case or controversy as re-

quired by Article III of the United States Constitution, we REVERSE the decision of the district court and REMAND with instructions to dismiss.

*Background*

Central Wyoming Law Associates (CWLA) filed this lawsuit against the Honorable Robert Denhardt (Judge Denhardt), a Fremont County Court Judge, for allegedly issuing a search warrant in violation of the Fourth Amendment. The search warrant authorized the search of confidential client files belonging to Hursh, Donohue & Massey, P.C.,[1] as well as the seizure of particular documents alleged to be in those files. Specifically, the warrant described the premises to be searched as "the law offices of Hursh, Donohue & Massey, P.C., being a 1 story building at 105 South 6th East, Riverton." The warrant described the subject property as "written and/or typed statements by [R.F.] concerning an alleged assault against [L.H.] which occurred in the Fremont County Jail."

The essential facts are undisputed. In November, 1991, a minor, referred to as L.H., was arrested and placed in the Fremont County jail pending juvenile proceedings. While there, other prisoners allegedly physically and sexually assaulted L.H. Soon after this incident, Mr. Massey, an attorney employed by Hursh, Donohue & Massey, P.C., entered into an attorney-client relationship with L.H. for the purpose of representing him in the juvenile proceedings. Massey later learned of the assault and was asked by L.H.'s parents to investigate and determine whether a valid claim could be asserted against the Fremont County sheriff's office for failing to exercise due care for L.H.'s safety while in their custody.

In early 1992, Massey talked to R.F., another juvenile who shared a cell with L.H. at the time of the alleged assault at the Fremont County jail. R.F. asserted that he had

* The Honorable C. LeRoy Hansen, United States District Judge for the District of New Mexico, sitting by designation.

1. The parties dispute the relationship between CWLA and HD & M. Defendant–Appellee argues that CWLA lacks standing to challenge a warrant issued against HD & M because they are separate legal entities under Wyoming law. The district court concluded, for purposes of its decision, that CWLA was the direct successor to HD & M and therefore had standing to assert claims for HD & M. We express no opinion on this issue.

first-hand knowledge of the incident and gave Massey a signed statement concerning the incident. Later in 1992, Fremont County deputy sheriff Coppock and deputy county attorney Newell, began an investigation into L.H.'s allegations of assault; the investigation led to R.F. Coppock unsuccessfully attempted to locate him. Coppock learned of R.F.'s signed statement from R.F.'s mother. Coppock then tried to talk to L.H. directly, but was informed by his parents that Mr. Massey had instructed them not to talk to anyone, including the authorities, about the assault.

Coppock prepared an affidavit in support of a search warrant directed at obtaining a copy of the statement that R.F. gave to Massey. Coppock and Newell presented the affidavit to Judge Denhardt, who then issued a search warrant on December 31, 1992.

Coppock and Newell executed the warrant that afternoon at attorney Massey's offices. Mr. Massey was not present. After two hours, during which time the staff and attorneys of the law offices searched for the statement and attempted to research the validity of the warrant, a draft copy of R.F.'s statement was located and given to Coppock. At no time did Coppock or his deputies personally search any files. They left with the draft statement and with the understanding that the finalized version of the statement would be forwarded to them when located.

On January 4, 1993, Mr. Massey and his firm filed for a temporary restraining order in state court to enjoin any further searches of his offices for the signed document. The court issued the restraining order and the signed statement of R.F. was placed under seal pending further hearing.[2] The warrant, by its own terms, expired 10 days after its issuance; no further search warrants have been issued.

Following the issuance of the TRO in state court, CWLA alleges that members of the Fremont County Attorney's Office threatened, on four separate occasions, to obtain search warrants for the offices of CWLA and on one occasion issued subpoenas for employees of the firm to testify against one of its

former clients in a criminal trial. The four instances cited by CWLA occurred between January 20 and April 1, 1993. None of the threatened search warrants was ever issued by any judge. Similarly, the subpoenas were rendered moot when the criminal case settled before a motion to quash could be heard. At the time of the district court's decision and at the time of this appeal, no further threats had been alleged.

CWLA filed the underlying action in April, 1993, four months after the warrant expired and five days after the last alleged threat by the Fremont County Attorney's Office. CWLA's complaint sought a declaratory judgment that the search warrant was *per se* invalid on two grounds: (1) the affidavit was insufficient to enable Judge Denhardt to find that probable cause existed; and, (2) the warrant did not describe the items to be seized with sufficient particularity. The complaint also sought prospective injunctive relief from similarly issued search warrants. It is important to note that the plaintiffs did not seek a declaration from the district court that the process by which the search warrant was issued lacked constitutional safeguards or was in some other way constitutionally infirm.

Judge Denhardt moved for summary judgment. The district court first concluded that sufficient evidence of probable cause existed to justify the issuance of the challenged search warrant and granted summary judgment for Judge Denhardt on that issue. However, the court then concluded that the warrant issued by Judge Denhardt violated the Fourth Amendment because it failed to identify the items to be seized with adequate particularity and, *sua sponte*, granted summary judgment for CWLA on that issue. Lastly, the court determined that prospective injunctive relief would be inappropriate and granted summary judgment for Judge Denhardt on that claim.

### Discussion

■ Judge Denhardt challenges the district court's entry of a declaratory judgment on four separate grounds: the warrant de-

---

2. The hearing had still not occurred at the time the briefs were filed in this appeal.

scribed the item to be seized with more than the requisite particularity; CWLA is not a real party in interest; the district court should have abstained under the principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); and CWLA failed to present an Article III case or controversy. Because we find that CWLA's request for a declaratory judgment was moot when presented to the district court, we need not reach the other issues presented on appeal.

 Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988); *Fischbach v. New Mexico Activities Assoc.,* 38 F.3d 1159 (10th Cir.1994). In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (citations omitted). In this case, the district court, *sua sponte,* concluded that CWLA's request for a declaratory judgment was moot because the warrant had expired. Judge Denhardt issued the challenged warrant on December 31, 1992, and it expired on January 10, 1993. The district court entered its judgment declaring that the warrant lacked the requisite particularity eight months later.

In deciding that subject matter jurisdiction existed, the district court concluded that the "case falls within that narrow class of cases which are 'capable of repetition, yet evading review.'" 836 F.Supp. 793, 800 (1993) (quoting *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183). In the absence of a class action, the Supreme Court has limited the application of this exception to the mootness doctrine to those situations where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and, (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46

L.Ed.2d 350 (1975) (per curiam), *cited by Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183. The district court concluded that both elements existed in this case and that it was thus presented with an Article III case or controversy. We disagree.

In *Murphy,* the Supreme Court limited the application of the "capable of repetition, yet evading review" exception to the mootness doctrine to those factual circumstances where the plaintiff can demonstrate a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183. The Court pointed out that "a mere physical or theoretical possibility" of recurrence was insufficient to satisfy the test. *Id.* We cannot say, even accepting as true CWLA's allegations that the Fremont County Attorney's Office threatened future searches of CWLA's offices, that there exists a "reasonable expectation" or "demonstrated *probability*" that Judge Denhardt will issue a similarly controversial warrant against this same Appellee.[3] CWLA failed to present any evidence to support such a conclusion. The undisputed facts indicate that Judge Denhardt, in his ten years on the bench, could not recall ever before issuing a search warrant for a lawyer's offices, nor could he recall ever having a search warrant he issued successfully challenged as constitutionally infirm.

Indeed, the district court concluded that CWLA lacked standing to seek prospective injunctive relief because there was insufficient evidence that a similar search warrant would likely be issued in the future.

Plaintiffs have clearly alleged that the defendants have engaged in a pattern of behavior by threatening to exercise their powers as governmental officers to obtain search warrants and to subpoena documents from the plaintiffs' law offices. There are, however no allegations that support a finding that the defendants have a present plan to continue with this type of behavior. Essentially, plaintiffs' contentions are the type of speculative, conjectur-

---

**3.** We express no opinion on the issue of whether the warrant in dispute satisfied constitutional requirements for particularity.

al injury that the Supreme Court has said are insufficient to create a true case or controversy....

836 F.Supp. 793, 810. We agree with the district court's conclusion and believe its reasoning applies with equal force to the analysis of whether the CWLA's claims for declaratory relief were moot when originally presented. We conclude that there was and is no reasonable expectation that CWLA would be subjected to the same allegedly unconstitutional action again. We find that the second element of the exception to the mootness doctrine has not been satisfied. Consequently, this case does not fall within that narrow class of cases which are "capable of repetition, yet evading review."

Accordingly, we find that the case presented is now moot. Indeed, this case was moot at the time of the decision of the district court. Therefore, the district court lacked the jurisdiction required by Article III of the Constitution to consider the underlying issues. The judgment of the district court is VACATED and the case is REMANDED to the district court with instructions that the complaint be dismissed.